UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>GREGORY DAVID WERBER,<br><br>　　　　　　　　　　Defendant. | CASE NO. CR18-5579RJB<br><br>ORDER ON MOTION TO REVIEW AND REVOKE |

THIS MATTER comes before the Court on Defendant's Motion to Review and Revoke Magistrate's Detention Order (Dkt. 1233).

The case is brought to this Court under 18 U.S.C. § 3145. Defendant seeks a review and revocation of the detention order issued by Magistrate Judge Fricke on 15 October 2020. Defendant has the burden of proving, by clear and convincing evidence, that he is not likely to flee and does not pose a danger to the safety of any other person or the community, pursuant to 18 U.S.C. § 3143(a).

The Court's task is guided by *United States v Koenig*, 912 F.2d 1190 (9th Cir. 1990), which provides that this review is *de novo*, and that the Court can review all available evidence,

ORDER ON MOTION TO REVIEW AND REVOKE - 1

including Magistrate Judge Fricke's ruling (without deference to it), and evidence that was not presented to the Magistrate Judge.

Mindful of the *Koenig* standard, the Court has reviewed the entire file. (The file was also available to Judge Fricke up to her detention order on 15 October 2020.) The review included, in addition to all documents filed in support of, and in opposition to, the pending motion, all documents filed in support of, and in opposition to, the underlying Motion for Review of Detention Order (Dkt. 1208).

The Court's review also included documents filed and court proceedings regarding Plaintiff's original Motion for Detention (Dkts. 230 & 264) and orders for detention (Dkts. 281 and 282), as well as the Pretrial Services Report (Dkt. 278).

The Court also reviewed the Defendant's Plea Agreement (Dkt. 970), his Presentence Investigation Report (Dkt. 1101) and Probation's Sentencing Recommendation (Dkt. 1102).

The Court also reviewed the file regarding the sentencing of co-defendant Orlando Barajas and Oscar Humberto Carillo Salcedo, who were mentioned by Defendant in his moving papers.

The Court paid particular attention to the transcript of proceedings before Magistrate Judge Fricke, and Defendant's arguments on his own behalf (Dkt. 1242).

Having considered all of the foregoing information and evidence, the Court finds that Defendant's request for oral argument should be denied. Defendant's motion, and the evidence supporting it, are squarely before the Court.

Considering this whole record, it appears to the Court, and the Court finds, that Defendant has not sustained his burden of proving that he is not likely to flee and does not pose a danger to the community.

The Court notes that:

(1) Defendant's extensive criminal record works against him here;

(2) What assets he may have in cyber funds is not clear to the Court;

(3) His United States Sentencing Guideline Ranges is much higher than his co-defendants who he argues are comparative;

(4) The Court has no current Pretrial Services report;

(5) The Court stands ready to conduct a sentencing hearing by videoconference, but if that is not agreeable to the Defendant, the Court will set and conduct an in-person sentencing as soon as the pandemic and the General Orders of the Court allow;

(6) Defendant's arguments that he needs to be released to prepare for sentencing are not convincing to the Court, not are his arguments regarding the pandemic.  Those matters do not address the key issues of flight and dangerousness to the community.

For all the foregoing reasons, it is now ORDERED that

(1) Defendant's request for oral argument is DENIED; and

(2) Defendant's Motion to Review and Revoke Magistrate's Detention Order (Dkt. 1233) is GRANTED only insofar as review is requested and is otherwise DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of November, 2020.

ROBERT J. BRYAN
United States District Judge