1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  UNITED STATES OF AMERICA,                )        No. CR 18-5579-RJB
                                             )
11              Plaintiff,                   )        ORDER DENYING DEFENDANT'S
                                             )        MOTION TO ELIMINATE SPECIAL
12       v.                                  )        CONDITIONS OF SUPERVISED
                                             )        RELEASE 2-8 AND PERMIT
13  GREGORY DAVID WERBER,                    )        TRAVEL TO VISIT HIS FAMILY
                                             )        AND HOME FOR THANKSGIVING
14              Defendant.                   )        AND THE SEASON'S CHRISTIAN
    _____)        AND JEWISH HOLY DAYS.

15

16       This matter comes before the Court on Defendant's Motion listed above (Dkt. 1414).

17  The Court has read and reviewed all matters filed herein.  This matter is based on Defendant's

18  desire for more freedom to travel and search for work than has been allowed by Defendant's

19  probation officer under existing Special Conditions of Supervision.  For the reasons stated

20  below, the motion should be denied without oral argument.

21       Defendant seems to misunderstand supervised release concepts.  Placement on supervised

22  release is not the end of sentencing, but a serious part of the sentencing process.  That is

23  demonstrated by sanctions available to the Court – including additional prison time – for

24  violations of conditions of supervision.  The limitations placed on an offender's actions during

ORDER DENYING DEFENDANT'S MOTION TO ELIMINATE SPECIAL CONDITIONS OF SUPERVISED
RELEASE 2-8 AND PERMIT TRAVEL TO VISIT HIS FAMILY AND HOME FOR THANKSGIVING AND
THE SEASON'S CHRISTIAN AND JEWISH HOLY DAYS - 1

supervised release are part of the Court's expected sentencing punishment, as well as an opportunity for offenders to show that they are safe to be at large, and able to live crime-free under the supervision of probation officers.  Proof of successful living under supervision typically leads to more freedom, and less supervision, and, over time, to release from supervision.  Defendant, by his actions, needs to earn the confidence of his probation officer to obtain the further freedoms he hopes for.

At this point, Defendant has not provided any information that would justify the Court in overruling Defendant's probation officer's rulings.  His arguments boil down to a difference of opinion as to his status as a released offender on supervision.  He wants more freedom than the Court, and Defendant's probation officer, are willing to grant, based on his history and background.  His role while on supervised release is to follow the rules set for him, including the ones he disagrees with, to show that he understands the reasons for the rules, and that he can live within the rules he disagrees with.

Many issues are raised by the Defendant, but the obvious answers make Defendant's request for an oral hearing a useless, and unhelpful, request that the court hereby <u>denies</u>.  (*See* Local Civil Rule 7(b)(4) made applicable to criminal matters in Local Criminal Rule 1(a)).  Note that a hearing on modification of supervised release is not necessary if a hearing was waived. Federal Rule of Criminal Procedure 32.1(c)(2) (also see below).

Defendant's Motion to Eliminate Special Conditions of Supervised Release 2-8 (Dkt. 1414) is an untimely request for amendment of the Court's Judgment (Dkt. 1343), wherein those special conditions were listed at page 5.  As part of Defendant's plea agreement (Dkt. 970 at page 31, paragraph (16)), Defendant waived (at page 32, paragraph 16(a)) any right to challenge

ORDER DENYING DEFENDANT'S MOTION TO ELIMINATE SPECIAL CONDITIONS OF SUPERVISED RELEASE 2-8 AND PERMIT TRAVEL TO VISIT HIS FAMILY AND HOME FOR THANKSGIVING AND THE SEASON'S CHRISTIAN AND JEWISH HOLY DAYS - 2

1   supervised release conditions.  The Court accepted his waiver (Dkt. 1404, page 38) (sentencing).

2   That waiver is fatal to his motion to eliminate conditions of supervised release.

3           Defendant also argues that the Court did not properly set the special conditions of

4   supervised release because the Court did not read them aloud at sentencing.  What the Court did

5   do at sentencing was as follows: "I should ask Mr. Werber, I guess, first here, have you received

6   and read the presentence investigation report and sentencing recommendation from probation?"

7   The Defendant replied, "Yes, your Honor." (The Report and Recommendation appear at Dkts.

8   1101 and 1102.)

9           Furthermore, it is clear from the sentencing hearing that Defendant understood and

10  litigated those conditions of supervised release, resulting in Paragraph 1 being stricken from the

11  conditions (*see* Dkt. 1409 at page 40).  The conditions were properly imposed, Defendant was

12  aware of them, contested paragraph 1, waived appeal, and there are no legal – or factual –

13  grounds to eliminate them now, particularly in light of Defendant's accurate reference to himself

14  as  "a skilled paralegal, software developer, and businessman with offers and opportunities for

15  gainful, meaningful and legal employment." Dkt. 1414 at page 7, lines 8-9.

16          It further appears that what Defendant wants, in part, is a transfer of jurisdiction of his

17  supervised release, so he can move to wherever he sees as his home – or his home of the future.

18  Such transfers require the acceptance of the transferee probation department, and it is unknown if

19  a proposed transferee district will accept him.  He can discuss this issue with his probation

20  officer.

21          Lastly, Defendant has an attorney of record, Mr. Vitek.  In the future, Defendant should

22  follow Local Civil Rule 83.2(b)(5) (adopted for criminal cases in Local Criminal Rule 1(a)), and

23  follow the rule that, "When a party is represented by an attorney of record in a case, the party

24

cannot appear or act on his or her own behalf in that case, or take any step therein . . . " subject to the exclusions listed.  Although the Court has considered Defendant's current motions in this case on a *pro se* basis, Mr. Vitek remains counsel of record and future motions, if any, should follow that cited rule.

For the foregoing reasons, Defendant's Motion To Eliminate Special Conditions of Supervised Release 2-8 and Permit Travel to Visit His Family and Home for Thanksgiving and the Season's Christian and Jewish Holy Days (Dkt. 1414) is hereby DENIED.

Dated this 5th day of December, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO ELIMINATE SPECIAL CONDITIONS OF SUPERVISED RELEASE 2-8 AND PERMIT TRAVEL TO VISIT HIS FAMILY AND HOME FOR THANKSGIVING AND THE SEASON'S CHRISTIAN AND JEWISH HOLY DAYS - 4